IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONNIE MCGINNISS                              :
                                             :        CIVIL ACTION
        -vs-                                 :
                                             :   NO.
NAZARETH BOROUGH, THOMAS TRACHTA,            :
SCOTT LEDO, TELEFORD BOROUGH AND             :   JURY TRIAL DEMAND
RANDAL FLOYD.                                :

COMPLAINT

## I.     INTRODUCTION

1.      Plaintiff brings this civil action seeking a jury trial and all relief provided under the law to make the Plaintiff whole; such relief sought by the Plaintiff includes but is  not limited to compensatory, consequential, nominal, and punitive damages,[1] reasonable attorney fees, litigation costs, and equitable relief. The equitable relief includes but is not limited to  injunctive relief, reinstatement and the declaration of an unconstitutional, void an invalid policy and conduct.

2.      The relief sought is provided under The 1964 Civil Rights Act, (42 U.S.C.  §1983 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000(e) et seq.) and the comparable state law, which is the Pennsylvania Human Relations Act (43 P.S. § 951 et seq.) and The United States Constitution and laws of the United States and Commonwealth Constitution, for the deprivation of; the First and Fourteenth Amendment constitutional rights to free speech, petition clause, due process, and equal protection; retaliation for constitutionally and statutory protected activities;  for the denial of equal employment terms and conditions because of gender and/or

---

[1] To the extent the law precludes punitive damages against Nazareth and Telford Boroughs then the Plaintiff does not seek them against the Boroughs.

1

sex, and/or retaliation for opposition to gender and/or sex discrimination and retaliation for opposing employment discrimination.

3.     The law was clearly established at the time of the defendants' acts, action and/or omission(s), and the acts  by the Defendants were done for independent personal reasons and/or by policy practice or custom, which when done the Defendants knew would deprive the plaintiff of rights, case injury or damages, or would likely cause injury or damages and/or a deprivation to the Plaintiff's Constitution, legal or regulatory rights as secured by federal and state law.

4.     As is more fully set forth below in detail, the Defendants for all times related to the claims raised in this complaint acted independent and jointly with one another, for a personal or group goal, under color of state law, by virtue of their governmental employment or being a governmental entity,[2] and they acted intentionally, recklessly, maliciously, with gross negligence, and in reckless disregard of and/or in deliberate indifference to the Plaintiff's rights.

5.     The Defendants at all times related to the claims raised in the complaint, knew or were on notice that their conduct would result or likely result in a deprivation of federally protected rights, of rights guaranteed under Commonwealth law and Constitution, and that their conduct would subject them to liability under the law and include but not limit the law to The Civil Rights Act of 1964 (42 U.S.C. § 1983 et seq.).

6.     As is more fully set forth below in detail, the Defendants while acting under color of state law and a policy, practice or custom, which is more fully identify below in detail and includes a failure to supervise and/or train its employees which omission would or likely would

---

[2] The two Boroughs are public governmental employers that exists by creation of statutory Commonwealth of Pennsylvania law. Defendants   NAZARETH BOROUGH TELEFORD BOROUGH  are employers of the respective borough employee. The employees acted with the authority from the  employment; they are all sworn police officers. The Defendant  employees are THOMAS TRACHTA and  RANDAL FLOYD; they are the chief of police. Defendant SCOTT LEDO is a chief supervisory range officer for Nazareth Borough.

lead to a deprivation of rights, intentionally recklessly, maliciously, and/or in reckless disregard or deliberate indifference of Plaintiff's rights deprived the Plaintiff of said constitutional and statutory rights as are secured by law and constitution; such rights as: the rights to free speech, petition clause, due process, and equal protection.

## II.    JURISDICTION / VENUE

7.    Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 42 U.S.C. § 1983 et seq., The Civil Rights Act of 1964, its amendments and under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (3) and (4) (Civil Rights).

8.    Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the causes of action herein pleaded accrued in; the acts occurred in, and the defendants reside in Bucks and/or Lehigh County, which counties are located in the venue established for the District Court for the Eastern District of Pennsylvania.  Plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the concurrent state ancillary, pendent or supplemental claims.

## III.    PARTIES

9.    Plaintiff is Connie McGuinness, she resides in Bucks County and is a white female under 40 years of age.

10.    NAZARETH BOROUGH and TELEFORD BOROUGH  are public governmental employers and  municipal governmental entities that exists by creation under authority of law for the Commonwealth of Pennsylvania.

11.    NAZARETH BOROUGH and TELEFORD BOROUGH  is an employer as the term is intended for use by Title VII and the Pennsylvania Human Relations Act.

12.     NAZARETH BOROUGH and TELEFORD BOROUGH  is a "person" as the term is intended to apply to the Section 1983, et seq., (1983 1985, 1986 and 1988) claim. Each Borough is the employer of the respective borough employee defendants: THOMAS TRACHTA and  SCOTT LEDO, and RANDAL FLOYD

13.     THOMAS TRACHTA and  RANDAL FLOYD are the chief of police for the respective boroughs: NAZARETH BOROUGH and TELEFORD BOROUGH; each is the chief policy decision-maker and/or policy-maker for the police departments of their respective Borough. THOMAS TRACHTA and  RANDAL FLOYD are individuals and are "person" as the term is intended or applies to the Section 1983, et seq., (1983 1985, 1986 and 1988) claim; each was for all relevant times of the causes of action an employee of the respective  employer borough, and supervisor over the plaintiff.

14.     Defendant SCOTT LEDO is a chief supervisory range officer for Nazareth Borough, and he as a range officer at times controlled the schedule, duties, and pay of the Plaintiff.

15.     SCOTT LEDO is an individual and a "person" as the term is intended or applies to the Section 1983, et seq., (1983 1985, 1986 and 1988) claim; Ledo was for all relevant times of the causes of action an employee of Nazareth Borough.

**IV.     MATERIAL FACTS**

16.     Plaintiff incorporates all preceding paragraphs here and as though each was separately stated verbatim.

17.     Plaintiff was hired by Telford Borough as a police officer. While employed with Telford the Plaintiff opposed conduct she perceived as illegal employment discrimination and retaliation against her.

4

18.   The Plaintiff's employment discrimination opposition was unequivocal and made to the employer, of which included defendant Randall Floyd.

19.   Following no prompt or appropriate action by the employer Telford Borough to stop the employment discrimination, but instead terminating the Plaintiff a week after opposing the employment discrimination, the Plaintiff filed a charge of employment discrimination and retaliation with the EEOC on or about July 2010; the charge was  duel filed with the Pennsylvania Human Relations Commission. The charge was served on Telford Brought and Floyd had prompt notice of the charge's service by the agency to aid in a defense of the charge.

20.   Upon exhausting agency action a right-to-sue letter issued and Plaintiff filed an employment discrimination and Section 1983 lawsuit  in the United States District Court for the Eastern District of Pennsylvania. The lawsuit was against Telford Borou8gh, its employees and among the employees sued as Randall Floyd. The lawsuit initiated September 14, 2012 (Docket # 12-cv-05306-BMS) and it ended on July 16, 2013 (Doc # 37) by judgment in Plaintiff's favor.

21.   Following the initiation of the aforementioned lawsuit, on or about June 1, 2012 the Borough of Nazareth was hiring for the position of Police Officer; the Plaintiff applied and followed in the prescribed hiring and application process required by the Borough.

22.   Plaintiff was qualified for the police officer position.

23.   Plaintiff at the time of her application had five (5) years prior experience as a police officer, with Telford Borough Police Department, and Plaintiff had passed all of Nazareth's hiring requirements for the police officer positions. Plaintiff held a Municipal Police Officer Training certificate, which certificate certifies that Plaintiff met all requirements and standards of the Municipal Police Officers Training Act to be a municipal police officer in the Commonwealth of Pennsylvania.

24.     Plaintiff held a MPO Certificate Number and remained certified to be a police officer, but she require some updates to be recertified.

25.     Plaintiff's was hired by Nazareth Borough as a police officer, and the employment was not conditioned or contingent on Plaintiff fulfilling the updates for MPO re-certification.

26.     During the hiring process the Plaintiff disclosed to Nazareth Borough council persons interviewing her for employment that she had opposed sex discrimination in her prior employment; also aware of the opposition was the Mayor for Nazareth Borough.

27.      Thomas Trachta, Chief of Police for Nazareth Borough, caused a background investigation of the Plaintiff, pre-hiring and for hiring as a police officer. The investigation included contacting Plaintiff's former employer, Telford Borough. Spoken to at Telford was defendant Randall Floyd the chief of police for Telford Borough; Floyd was a named defendant in Plaintiff's ongoing federal discrimination lawsuit.

28.     The background investigation was completed and Nazareth Borough hired the Plaintiff. Council members assured Plaintiff she would not experience the conduct occurring at Telford Borough in Nazareth Borough.

29.     After Plaintiff was hired, Plaintiff reported to defendant Trachta for uniforms and duty assignment.

30.     Defendant Trachta, as an animus supervisor, intentionally discriminate against the Plaintiff, because of Plaintiff's gender, sex, and prior protected activity to oppose employment discrimination; he also create a hostile work environment.

31.     On or about June and continuing until terminated by Thomas Trachta, Plaintiff was supervised by coworker Scott Ledo and Trachta. Ledo and Trachta discriminated, harassed, and

caused adverse action resulting in a hostile work environment to occur, which  acts include but are not limited to:

a-      subject Plaintiff to a  different firearms qualification scoring system than used for the male police officers in Nazareth Borough. The scoring system used for the Plaintiff was not consistent with NRA and MPOET Act standards.  Defendant Scott Ledo to the Plaintiff she had failed to qualify. However, Plaintiff had saved her qualifying targets and  presented them to Ledo. Plaintiff showed that she had under NRA and MPOET standards had scored sufficiently to qualify. Scott qualified Plaintiff then but only after making her re-shoot the qualification course and forcing her to buy her own ammo' whereas, male officers that scored sufficiently to qualify are not required to reshot the course and/or buy their own ammo.

b-      Chief of Police Trachta knowing that Plaintiff qualified still falsely reported to the Borough and MPO Commission that she  had not qualified to shoot a duty weapon.

c-      Trachta intentionally but falsely indicated that Plaintiff has not qualified to shoot proficiently a duty firearm to keep and provide a pre-textual non-discriminatory legitimate business reason to keep the Plaintiff from working active duties, earning pay as a police officer and being placed on the duty schedule, and earning pay and/or same pay as the male police officers from the employment with Nazareth Borough.

d-      Indeed, Trachta used the reason of not qualify to keep the plaintiff off the schedule. Also, Trachta did not submits the paperwork for the Plaintiff to be  paid for the several hours of time she worked to appear on the gun range, and shoot and reshoot to qualify; she was not paid the time appear for uniforms,. However, she was entitled to be paid and male officers were paid for the same time and activities; one male being Ledo.

7

e-      Scott Ledo later resigned as Range Officer because he feared being sued for sex discrimination.

f- Plaintiff was not paid the same hourly rate as male police officers; she was paid at seventeen ($17.00) dollars an hour while males were paid twenty-one ($21.00) Dollars an hour. However male and Plaintiff police officers do the same work.

g-      Plaintiff was denied and deprived by Trachta and Nazareth Borough, under color of state law of equal pay for equal work under the Ledbetter Wage Act.

h-      Plaintiff was not provided a police ID card or uniform by Trachta and Nazareth Borough but she was issued a duty firearm. Male police officers are provided an police ID card, uniform and gun.

i- Plaintiff was not called to work even when there were openings on the schedule and/or times, such as the past weekends in November / December 2012, where there was no police officer working but should be.

j- However, male officers when hired are promptly issued uniforms, and ID card, and immediately placed on the duty schedule.

k-   Trachta would not issue, purchase, or authorize Plaintiff to purchase uniform clouting and police equipment; he also would not return Plaintiff's phone calls to arrange for the issuance and/or purchase of uniforms., and Trachta wanted Plaintiff to wear male uniform clothing, which form was different to a female body. For example, the neck sizes and cut for a woman's chest. A male short would be tight on a woman, and because Plaintiff was large breasted the shirts would exaggerate her shape.

l-   Chief of Police Trachta did not arrange for the processing of Plaintiff's MPOET paperwork so she have a recertification MPO card issued. Plaintiff on her own was able to

complete the re-certification requirements to be recertified MPO. However, after Plaintiff did such and a new certification card was mailed to Nazareth Borough Police Chief Trachta, he would not turn the certificate over to the Plaintiff but did for male officer. Further, Trachta reported to Borough Council that Plaintiff was not qualified to be a police officer, so she should be dismissed. In addition, Trachta reported to the MPOET Commission that Plaintiff was not a police officer with Nazareth Borough and he at that time returned Plaintiff's MPO Certificate to MPOETC.

m-   On or about August 2, 2012 Trachta terminated Plaintiff as a police officer for Nazareth Borough and Plaintiff was not provided pre-termination Loudermill due process, such as but not limited to know of the reason for the terminations and speak to defend against the termination, however, Plaintiff was hired in accordance with Nazareth Borough's adopted hiring system, whereas, the employment was a protected property interest in the wages earned or to be earned from the employment, for the Plaintiff.

32.     Plaintiff opposed the different treatment and made the complaint to  Chief of Police Thomas Trachta and the Mayor.  Chief of Police Thomas Trachta replied that she was being a "problem." Trachta further told the Plaintiff that it was known she had filed a sexual discrimination charge while employed with Telford Borough as a police officer.

33.     Plaintiff lost the Nazareth Borough employment and was constructive if not actually terminated by the above described acts of Trachta or those of which Plaintiff believes and avers were done at the instruction of Trachta.

34.     Plaintiff lost the employment with Nazareth Borough also because of the omissions of the Mayor and Nazareth Borough to take prompt and appropriate steps to stop the discriminatory adverse action against the Plaintiff.

9

35.    Plaintiff lost the employment with Nazareth Borough also because of the act by defendant Floyd, which was to disclose to Nazareth during the back ground check on the Plaintiff that Plaintiff had complained of sexual harassment while a police office in Telford Borough, and that she had filed an agency complaint and then a lawsuit against him and Telford Borough alleging employment discrimination because of gender and prior protected activity to oppose gender harassment by co-workers.

36.    Scott Ledo told the Plaintiff that it was known she had an EEOC Charge against Telford Borough.

37.    Plaintiff believes and therefore avers that Telford Borough and/or its employees, such as Chief Randal Floyd, further discriminated against her in employment with Nazareth Borough or employment opportunity, and that they did so to prevent or obstruct and/or interfere in Plaintiff's hiring and/or to create for the Plaintiff a condition of hostility, humiliation and embarrassment in the employment with Nazareth Borough by disclosing Plaintiff's EEOC Charge and lawsuit against Telford and its employees.

38.    Plaintiff believes and therefore avers that Telford Borough and/or Floyd, or another acting for them or with their instruction, such as but limited to Chief of Police Trachta, retaliated against the Plaintiff for past opposition of employment discrimination, and/or making a charge of employment discrimination, and/or engaging in free speech and/or petition clause activity by filing a lawsuit to oppose illegal employment discrimination by public employers and public governmental police employees, such as Randall Floyd.

39.    The acts of the defendants, as just describe in the preceding paragraphs, caused and are the direct result of Plaintiff's wage lose, employment, employment opportunity and economic damages in excess of $100,000 dollars. The cats are the legal or proximate cause of the

injury suffered by the Plaintiff, such as the embarrassment, humiliation, loss of esteem, mental distress, anguish, society and standing plaintiff held in the community or law enforcement community.

40.     The acts of defendants Trachta and Floyd, as just describe in the preceding paragraphs, were done to and did aid and abet the policy of Telford and Nazareth Boroughs to discriminate in employment, employment opportunity, and the terms and conditions of employment.

41.     Floyd and Trachta for all times when they acted, as above describe and relevant time, were supervisory employees that had control over the Plaintiff's work conditions, work time, pay, and employment opportunities, such as to training.

42.     Plaintiff, because of the defendants' acts that have been set forth above, filed timely and before 180 days of the acts  a charge of sex, gender employment discrimination, harassment, and retaliation with the EEOC,  the charge was duel filed with the Pennsylvania Human Relations Commission.

43.     Plaintiff identified in the agency charge all of the defendants named to this lawsuit and describe the conduct they did, so as to put them on notice they faced potential liability for the acts. The Charge was served on Telford and Nazareth Boroughs.

44.     Plaintiff exhausted agency or administrative remedies, and was issued a right to sue letter by the Department of Justice on September 16, 2013. The right-to-sue letter was received by the Plaintiff on or after September 20, 2013.

## COUNT I
## Title VII – Gender Discrimination / Harassment

45.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

46.     Plaintiff's protected status is female.

47.     In violation of Title VII (42 U.S.C 2000e et seq.), Defendant Nazareth Borough through the acts of the animus supervisor employees (Trachta and Ledo) and the animus supervisor employee of Telford Borough (Randall Floyd) discriminated against the Plaintiff because of her gender or sex. Thereafter, Plaintiff was harassed, which was a regular and pervasive condition that created for the Plaintiff, as she believed, and a reasonable person in like circumstances would find, to be a hostile work environment and/or different treatment because of gender and/or prior protected activities.

48.     All action attributed to the employer Nazareth Borough are by its supervisory employees, such as Trachta, Ledo and elect official(s), which acts include but are not limited to: (a) termination, (b)  not pay Plaintiff for wages earned form time worked; albeit the Wage laws of the United States and Commonwealth of Pennsylvania required payment for the time, refuse to pay after Plaintiff demanded payment for the work, and (c) other acts, such as but not limited to (i) intentionally not scheduling work for the Plaintiff, (ii) not placing Plaintiff on a work schedule, (iii) not providing  uniforms or training and training opportunities, (iv) not allowing Plaintiff to received and/or posse an MPO certificate that Plaintiff earned, which card entitled Plaintiff under law to work and be paid as a police officer in the Commonwealth of Pennsylvania, (v) not pay Plaintiff or reimburse her for the costs and time to obtain the certification through updated training that is statutory mandated to be completed, (vi) delaying or

not paying wages earned for time work, and (vii) not investigating her complaint of employment discrimination and/or taking prompt and appropriate action to stop discrimination.

49.     Nazareth Borough and Telford Borough in violation of Title VII (42 U.S.C. 2000(e) et seq.)  by a practice or custom to discriminate in employment, condones it by its employees, and/or acquiesces to discrimination in employment terms and conditions because of sex and/or retaliation for opposing sex  employment discrimination.

50.     Defendant Chiefs of Police Trachta and Floyd are supervisors and have or had authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline.

51.     Defendant Chiefs of Police Trachta and Floyd as supervisors carried out the employer's policy or practice to discriminate in employment terms and conditions because of race and/or sex or retaliate for opposing race and/or sex discrimination in violation of Title VII (42 U.S.C. 2000(e) et seq.).

### COUNT II
### Title VII – Retaliation

52.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

53.     Plaintiff's protected status is a person that has opposed employment discrimination by making a complaint of it to the employer, filing a charge with the regulatory agencies empowered by law to investigate and remedy employment discrimination, and filing a lawsuit in court, whereas the charge was prosecuted to judgment, which judge was in Plaintiff's favor.

54.     In violation of Title VII (42 U.S.C 2000e et seq.), Defendants Nazareth Borough and Telford Borough through the acts of their supervisor employees (Trachta, Ledo, and Floyd)

discriminated against Plaintiff because of his opposition to perceived race employment discrimination the above described that include but are not limited to: (a) termination, (b) denial of pay earned for time worked, (c) intentionally not scheduling Plaintiff to work and to not place Plaintiff on a work schedule, (d) not provide uniforms or training and training opportunities to the Plaintiff, (e) not pay or reimburse plaintiff for necessary MPO update training to keep MPO certification, and (f) not turn over, or allow Plaintiff to posse, but return to the MPO Commission a MPO certificate that Plaintiff earned, which card was issued to her by the MPO Commission and entitled Plaintiff under law to work and be paid as a police officer in the Commonwealth of Pennsylvania.

55.       In violation of Title VII (42 U.S.C 2000e et seq.), Defendants retaliated against Plaintiff after she engaged in the following protected activity; (a) Plaintiff filed a formal internal EEO complaint against the Pennsylvania State Police, specifically, alleging racial discrimination; (b) Plaintiff filed duel charges with the Pennsylvania Human Relations Commission ("PHRC") against former employer Telford and Nazareth Borough, (c) filed a federal lawsuit against Telford Borough and members of the Borough's police department; and (d) complained of discrimination and retaliation to Nazareth Boroughs' elected officials such as the Mayor.

56.       The following adverse action(s) were taken to further discrimination or in retaliation of Plaintiff's employment discrimination complaints, and/or charge to the agencies and/or lawsuit filed against Telford Borough, Chief Floyd and other employed with Telford. (I) By Nazareth Borough: (a) failed to properly investigate Plaintiff's complaint of discrimination; (b) terminated Plaintiff and/or acquiesced to the termination by its police chief, Trachta, (c) continued not to pay plaintiff wages earned for time worked, and (d) the acts described in preceding paragraphs. (II) By Telford, plaintiff was terminated, not placed on the work schedule,

subjected to different conditions of employer, such as range duty and qualifications, not receiving a uniform, or pay earned from time worked and the acts described in preceding paragraphs

## COUNT III
## Fair Labor Standards Act of 1938 (29 U.S.C. §§201, et seq.)

57.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

58.     The Fair Labor Standards Act provides that an employer must pay an employee for hours worked in excess of forty hours in a week  if the employer "suffer or permits" overtime to be worked by an employee. See, 29 U.S.C. §203(g). See also Holzapfel v. Town of Newburgh, NY, 145 F.3d 516 (2nd Cir. 1998).

59.     Plaintiff worked in excess of six hours. Plaintiff was not paid Nazareth Borough the earned wages for the time. The wages would be at 17 dollars an hours no less than $102.00 and at 21 dollars an hour would be not less than $126.00.

60.     Plaintiff demanded payment and Nazareth Borough failed to pay Plaintiffs for the time worded and wages earned.

61.     The Borough of Nazareth violated the Fair Labor standards Act and its state counter-part law; the violation was willful.

## COUNT IV
## 42 U.S.C. § 1983 et seq.- First Amendment - Retaliation

62.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

63.     Plaintiff is a member of a protected class in that she engaged in United States Constitutional First Amendment free speech and petition clause activity as follows: (a) Plaintiff

filed a formal EEOC and Pennsylvania Human Relations Commission ("PHRC") charge against Telford Borough and Nazareth Borough, specifically, alleging gender or sex discrimination, hostile work environment, and retaliation; (b) Plaintiff filed a federal lawsuit against Telford Borough, defendant Floyd and others employed then by Telford Borough alleging discrimination and retaliation.

64.     The aforementioned Plaintiff activity as stated in such paragraphs as but not limited to ¶¶ 20 and 63 of this complaint (for filing a lawsuit and EEOC/PA HRC charge) is and was at the time recognized and clearly established to be First Amendment free speech and/or petition clause activity, which activity is and was known by the Defendants to be protected activity under the United States Constitution and if retaliation is done for the activity would subject them to liability 42 USC under Sec. 1983, et seq.

65.     Plaintiff did not have a duty to report the perceived illegal conduct or misconduct, specifically gender discrimination and/or harassment, engaged in by Defendants Ledo, Floyd and/or Trachta, or even to file a lawsuit about such, and/or report it to The Mayor of Nazareth Borough.

66.     Plaintiff spoke out against said discrimination as a private citizen on a matter of public concern.   The public concern was that: (a) Defendants, as public employees and/or supervisors of Plaintiff engaged in illegal conduct or misconduct in the workplace, (b) that a governmental or public employer, the Commonwealth of Pennsylvania, condones and/or acquiesces such illegal conduct or misconduct by its employees and/or supervisors, Defendants, Trachta and Floyd, in failing to take action when misconduct was reported, and retaliating against any person who reports illegal conduct or misconduct in the workplace.

67.    Plaintiff's reporting of perceived gender discrimination which is prohibited under the Fourteenth Amendment Equal Protection clause, State Constitution, and federal and Commonwealth law, was subject, but not limited, to the several acts of employment adverse actions as stated in preceding paragraphs, which include but in not limited to:  : (a) termination, (b)denial of pay earned for time worked, (c) intentionally not scheduling Plaintiff to work and to not   place Plaintiff on a work schedule, (d) not provide uniforms or training and training opportunities to the Plaintiff, (e) not pay or reimburse plaintiff for necessary MPO update training to keep MPO certification, and (f) not turn over, or allow Plaintiff to posse, but return to the MPO Commission a MPO certificate that Plaintiff earned, which card was issued to her by the MPO Commission and entitled Plaintiff under law to work and be paid as a police officer in the Commonwealth of Pennsylvania.

68.     The substantial and/or motivating reason for the adverse action or retaliation was the Plaintiff's First Amendment activity of opposing perceived race discrimination and/or racial harassment.

69.    The adverse action occurred close in proximate time to the protected activity and too is shown by the above a pattern of antagonism, which here is by Trachta, Lebo, and Floyd who all had knowledge of the Plaintiff's protected activity.

70.    Defendants acted in concert with others, and while knowing or should have known that their acts together or alone would or were likely to deprive Plaintiff of federally protected rights, such as in his property and equal protection interests in his employment or in state provided or contractually entitled employment benefits.

71.    The proximate, direct, or legal cause of Plaintiff's injury and damages was and is the Defendants' acts, action or omissions and the conduct done under color of state law, which

conduct, acts, action and omissions deprived the Plaintiff of federally secured rights, privileges and immunities, such as the First and Fourteenth Amendments.

72.     Plaintiff, as a result of the Defendants acts, action or omissions, sustained both economic damages, such as lost wages, lost benefits attendant to the employment, and attorney fees, and sustained personal injury, such as embarrassment, humiliation and emotional distress.

## COUNT IV
## 42 U.S.C. § 1983 et seq.- Equal protection - Gender Discrimination

73.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

74.     Plaintiff, because of her gender or sex has been treated unequally or differently by the Defendants in the terms and conditions of employment and contract rights.

75.     Plaintiff's unequal treatment by the Defendants is motivated because of Plaintiff's gender or sex and Defendants amicus for the Plaintiff's gender or sex. Including but not limited to showing such animus by attempting to make plaintiff wear a man's uniform shirt to exaggerate the female chest form.

76.     Plaintiff, as a result of the Defendants acts, action or omissions, which are stated in paragraphs above, such as ¶ 67, but not limited to that paragraph, sustained both economic damages and personal injury; such as, lost wages, lost benefits attendant to the employment, lost employment, and embarrassment, humiliation, loss of society, enjoyment of life and society, mental anguish and emotional distress.

**COUNT VI**
**Pennsylvania Minimum Wage Act (35 P.S. § 333.101 et seq. and 34 Pa. Code § 231.1 et seq.)**

77.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim..

78.     Nazareth Borough violated 35 P.S. § 333.101 et seq. and 34 Pa. Code § 231.1 et. seq., Intentionally, by not paying Plaintiff earned wages for time worked.

**COUNT VII**
**Pa Human Relations Act (43 P.S. § 951 et seq.) – Retaliation**

79.     Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

80.     Plaintiff's protected status is Female and person that opposed employment discrimination.

81.     In violation of Pennsylvania Human Relations Act Defendants as employers and as aider and abettors to the employer's policy of employment discrimination discriminated against Plaintiff because of her gender and/or prior protected activity to oppose employment discrimination by making a complaint of it to the employer, filing a charge of it to the EEOC and/or Pa Human Relations Commission and/ filing a lawsuit alleging employment discrimination, which lawsuit ended favorably by judgment for the Plaintiff.

82.     Plaintiff was discriminated and retaliated against for her opposition to perceived employment discrimination by:

83.     In violation of the Pennsylvania Human relations act the Defendants retaliated against Plaintiff after she engaged in the following protected activity; (a) Plaintiff unequivocally complained to the employer's supervises specifically about discrimination by so workers and

supervisor, such as Trachta, Ledo and Floyd; (b) Plaintiff charges of employment with the EEOC and with the Pennsylvania Human Relations Commission ("PHRC") against the employers; (c) Plaintiff filed a federal lawsuit against Telford Borough, Floyd and other employees of Telford Borough alleging discrimination and retaliation.

84.    The following adverse action(s) but not limited to them were taken in close proximity of the time for the protected activity or by a pattern of antagonism done in further discrimination or retaliation of Plaintiff:  to the several acts of employment adverse actions as stated in preceding paragraphs, which include: (a) termination, (b) denial of pay earned for time worked, (c) intentionally not scheduling Plaintiff to work and to not  place Plaintiff on a work schedule, (d) not provide uniforms or training and training opportunities to the Plaintiff, (e) not pay or reimburse plaintiff for necessary MPO update training to keep MPO certification, and (f) not turn over, or allow Plaintiff to posse, but return to the MPO Commission a MPO certificate that Plaintiff earned, which card was issued to her by the MPO Commission and entitled Plaintiff under law to work and be paid as a police officer in the Commonwealth of Pennsylvania.

85.     But for Plaintiff's protected activity, the above stated adverse actions would not have been taken against him.  The adverse actions taken against Plaintiff occurred within a proximate time to the protected activity.

86.    The Telford Borough is liable for the acts of Floyd (its police chief) and Nazareth Borough is liable for the acts of Trachta and Leo, because the employer is liable for the conduct of its employee and Defendants Floyd, Trachta and Ledo (and elected official(s) of Nazareth Borough not named as a defendant) were all acting within the scope of their employment when engaging in; gender employment discrimination, harassment, and/or retaliatory acts, such as to not  properly  investigating  the  alleged  employment  discrimination,  not  take  promote  of

appropriate action to stop it, and to terminate Plaintiff from employment, delay and/or not pay earned wages from time worked.

87.     The Telford Borough and Nazareth Borough have a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of sex and/or race or retaliation for opposing sex and/or gender employment discrimination, harassment, and relations in violation of Pennsylvania Human Relations Act (43 P.S. § 951 et seq.).

88.     Defendants, Floyd, Trachta and Ledo, aided and abetted the employer's policy to discriminate in employment terms and conditions because of sex and/or protected activity of opposing sex and/or gender employment discrimination, harassment, and retaliation.

89.     Plaintiff filed a charge of discrimination based on gender and/or sex discrimination, harassment and/or retaliation with the EEOC, the charge was duel filed with PHRC, and asserted a violation of Title VII (42 USC 2000e) and the Pennsylvania Humans Relations Act alleging gender discrimination, harassment and retaliation.

90.     Plaintiff's employment discrimination charge identified the named defendants in this lawsuit, and the charge described their conduct, so as to put them on notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under an "aider and abettor" theory of liability.

91.     Plaintiff, has exhausted all administrative remedies, has obtained a right to sue letter, and is entitled to file suit in the appropriate court under Pennsylvania Human Relations Act 43 P.S. § 951 et seq. for employment discrimination because of gender or sex, harassment, and retaliation for opposing sex and/or other forms of employment discrimination.

92.     As a direct result of the defendants' deprivation of the Plaintiff Article I rights, or the proximate result of such,  the plaintiff sustained economic damages and personal injury. The plaintiff lost employment and wages form the employment, she suffered extreme emotional distress, metal anguish, humiliation, embarrassment, and loss of society and enjoyment from society.

### COUNT VIII
### Pennsylvania Constitution, Art. I, sec. 1, 7, 25 and 26.
### Inherent Rights, Free Speech, Reservation of Powers, No Discrimination by
### Political Subdivisions

93.     The previously stated paragraphs are all incorporated here as though they were repeated verbatim.

94. The reporting by Plaintiff of employment discrimination and illegal conduct by police and public employees and employers is a matter of public concern and protected speech and/or speech activity under Art. I, Sec. 7 of the Pennsylvania Constitution.

95.  The termination of Plaintiff as a Nazareth Borough police office and the others acts as fully describe in prior paragraph , and the ending of the prestige office of police officer, and loss of wages and things attendant to the employment, such as a  municipal police officer certification that would allow for future employment in the municipal police field, are material adverse or adverse employment action.

96. The termination of the Plaintiff and the other adverse action, as fully described already but repeated her by incorporation, was by intentional act, reckless conduct and/or omissions to act by the Boroughs, Floyd, and Trachta when the law required them to act.

97.  The substantial motivating reason for the adverse acts, such as but not limited to the termination and failure to promptly pay wages earned form time worked violated Plaintiff's Article 1, Sec 1 inherent and indefeasible right to acquire, possess and protect property, such as

22

his wages from and the employment with Nazareth Brought, his wages earned, and to his reputation, viz good name as a police officer and law abiding, ethical, moral and hardworking public servant and citizen.

98.  The termination of Plaintiff and the remaining describe adverse action was accomplished using or misusing the high powers covered on the defendants which poser they possessed and used appointed and/or elected persons but contrary to Plaintiff's reservation of rights under Sec 25 of Article I for the Pennsylvania Constitution.

99. All defendants had and used or misused the high power as a transgression of the general power of government. The defendants used the power to violate Plaintiff's Art. 1 Sec. 1 rights to reputation and property; the  Art 1. Sec. 7 right to Free Speech, and the Art. 1 Sec. 11. right to due process. They also deprived the Plaintiff of his Art. 1. Sec. 26 right that "N[o] political subdivision (which Nazareth and Telford are) shall deny any person the enjoyment of any civil right or discriminate against any person in the exercise of any civil right (such as free speech , reporting misconduct or corruption by a municipal police officer, and the right to petition for legal relief for a grievance against the government employer in court).

100. As a direct result of the defendants' deprivation of the Plaintiff Article I rights, or the proximate result of such,  the plaintiff sustained economic damages and personal injury. The plaintiff lost employment and wages form the employment, she suffered extreme emotional distress, metal anguish, humiliation, embarrassment, and loss of society and enjoyment from society.

**COUNT VIII**
**Pennsylvania Constitution, Art. I, sec. 11- Procedural Due Process**

101. The previously stated paragraphs are all incorporated as though they were repeated verbatim.

102. The termination by Nazareth Borough and Trachta of Plaintiff form employment with Nazareth Borough without prior notification of the termination or opportunity to address the termination before being terminated as a Nazareth Borough police officer deprived the Plaintiff of her procedural right to due process under Art. I, Secs. 1 and 11 of the Pennsylvania Constitution.

**COUNT IX**
**Pennsylvania Constitution, Art. Secs. 11 & 20 - Right to Petition**

103.  The previously stated paragraphs are all incorporated as though they were repeated verbatim.

104. The filing by Plaintiff of a lawsuit in federal court alleging employment discrimination and misconduct by a governmental employer and its employees, which federal and Commonwealth law authorize the Plaintiff to file, constituted protected petition activity to address or redress a grievance under the Pennsylvania Constitution, Art. I, Sec. 20.

104. The termination of Plaintiff and withholding of wages or timely payment of earned wages form time worked, and the other acts as fully described in the above paragraphs were motivated sustainably for the Plaintiff  initiating a lawsuit or petition, which is Petition clause activity, is a petition for the redress of grievances against the governmental employer and employees.

106.  Unlike the United States Constitution, a petition clause right under the Commonwealth of Pennsylvania Constitution is not under the free speech clause. Petition

activity under the Commonwealth of Pennsylvania Constitution is a separate and independent right under Art 1 Sec. 20. Whereas, the Free Speech right under the Commonwealth of Pennsylvania constitution is found under Art 1. Sec. 7.

107. As a direct direct result of the defendants' deprivation of the Plaintiff Article I rights, or the proximate result of such, the plaintiff sustained economic damages and personal injury. The plaintiff lost employment and wages form the employment, she suffered extreme emotional distress, metal anguish, humiliation, embarrassment, and loss of society and enjoyment from society.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays the Court enter judgment for him and against the Defendants; to hold the Defendants joint and several liable;, and to award the Plaintiff such relief as to make Plaintiff whole, including but not limited to: (a) compensatory, consequential and punitive damages, (b)front and back pay, (c) negative tax consequence relief, (d) reasonable attorney fees, (e) litigation costs, and any and all other relief, including equitable relief, allowed by law or that the Court deems proper and just, including reinstatement, declaring the Defendants' conduct violates the Plaintiff's constitutional rights, and the policy practice or custom unconstitutional, overly broad or sweeping, and to enjoin the employers and defendants from unconstitutional conduct.

Date:   December 05, 2013                           Respectfully submitted,

                                         BY   /s/ _____
                                                 Brian M. Puricelli, Esq.
                                                 Attorneys for Plaintiff

LAW OFFICES OF BRIAN M. PURICELLI
691 Washington Crossing Rd. Newtown PA 18940
Ph (215) 504-8115