IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONNIE McGINNISS,                    )
                                     )  Civil Action
          Plaintiff                  )  No. 13-cv-07087
                                     )
     vs.                             )
                                     )
NAZARETH BOROUGH;                    )
THOMAS TRACHTA;                      )
SCOTT LEDO;                          )
TELFORD BOROUGH; and                 )
RANDALL FLOYD,                       )
                                     )
          Defendants                 )

**O R D E R**

NOW, this 12th day of September, 2014, upon consideration

of the following:

> (1)  Plaintiff's Motion to Amend and to Disqualify
>      Defense Counsel, by Way of an Opposition to the
>      Nazareth Borough Defendants' Motion for Leave to
>      File a Reply Brief (Doc 14) in Support of Their Rule
>      12(b)(6) Motion to Dismiss for Failing to State a
>      Claim for Which Relief Can be Granted (Doc 9) in the
>      Form of a Rule 15 Motion for Leave to File [a]
>      Second Complaint ("Motion to Amend and Disqualify"),
>      which Motion to Amend and Disqualify was filed
>      March 20, 2014; together with
>
>      (A)  Plaintiff's Memorandum of Law on Her
>           Opposition to the Nazareth Borough Defendants'
>           Motion for Leave to File a Reply Brief (Doc
>           14) in Support of Their Rule 12(b)(6) Motion
>           to Dismiss for Failing to State a Claim for
>           Which Relief Can be Granted (Doc 9) in the
>           Form of a Rule 15 Motion for Leave to File [a]
>           Second Complaint;
>
> (2)  Motion to Strike Plaintiff's Memorandum of Law in
>      Opposition to Defendants' Motion for Leave to File
>      Reply Brief and for Sanctions ("Motion to Strike and
>      for Sanctions"), which Motion to Strike and for
>      Sanctions was filed March 21, 2014; together with

> (A)   Memorandum of Law in Support of Defendants'
>       Motion to Strike Plaintiff's Memorandum of Law
>       in Opposition to Defendants' Motion for Leave
>       to File Reply Brief and for Sanctions;

(3)   Plaintiff's Opposition to Nazareth Borough's Motion
      (Doc 18) to Strike and For Sanctions, which
      opposition was filed March 28, 2014;

(4)   Complaint filed December 5, 2013;

(5)   Answer of Defendants Teleford Borough and Randall
      Floyd to Plaintiff's Complaint with Affirmative
      Defenses, which answer was filed January 28, 2014;

(6)   Motion to Dismiss, in Part, Plaintiff's Complaint
      Pursuant to Fed.R.Civ.P. 12(b)(6) Filed on Behalf of
      Defendants Nazareth Borough, Thomas Trachta, and
      Scott Ledo ("Motion to Dismiss"), which Motion to
      Dismiss was filed February 16, 2014; and

(7)   Plaintiff's Opposition Response to the Nazareth
      Borough Defendants' Rule 12(b)(6) Motion to Dismiss
      for Failing to State a Claim for Which Relief can be
      Granted (Doc 9), ("Plaintiff's Opposition
      Response"), which response was filed February 28,
      2014;

it appearing that plaintiff initiated this action on December 5,
2013 by filing her Complaint; it further appearing that on
January 28, 2014, defendants Teleford Borough and Randall Floyd
filed their answer to plaintiff's Complaint; it appearing that on
February 16, 2014, defendants Nazareth Borough, Thomas Trachta, and
Scott Ledo filed a partial Motion to Dismiss plaintiff's Complaint;
it further appearing that on February 28, 2014, plaintiff filed
Plaintiff's Opposition Response to defendants' Motion to Dismiss;
it further appearing that on March 10, 2014, defendants Nazareth
Borough, Thomas Trachta, and Scott Ledo filed Defendants' Motion
for Leave to File Reply Brief in Support of Defendants' Motion to

Dismiss Plaintiff's Complaint, in Part, Pursuant to Fed.R.Civ.P. 12(b)(6); it further appearing that by Order dated March 19, 2014 and filed March 20, 2014, after review of defendants' proposed reply brief, I determined that the proposed reply brief may be helpful in the adjudication of the motion to dismiss and therefore granted defendants' motion for leave; it further appearing that shortly after such Order was filed on the docket, plaintiff filed the within Motion to Amend and Disqualify; it further appearing that on March 21, 2014, defendants Nazareth Borough, Thomas Trachta, and Scott Ledo filed their Motion to Strike and for Sanctions, seeking to strike plaintiff's Motion to Amend and Disqualify and seeking sanctions against plaintiff for filing the Motion to Amend and Disqualify,

IT IS ORDERED that plaintiff's Motion to Amend and Disqualify is granted to the extent that plaintiff seeks leave to file an amended complaint.[1]

IT IS FURTHER ORDERED that plaintiff shall have until September 30, 2014 to file an amended complaint in this matter.

IT IS FURTHER ORDERED that plaintiff's Motion to Amend and Disqualify is denied to the extent that plaintiff is seeking to

---

[1]     Plaintiff's within Motion to Amend and to Disqualify defense counsel seeks leave pursuant to Federal Rule of Civil Procedure 15, to file an amended complaint to add new facts and to include a new defendant. "Although the grant or denial of a motion to amend is within the sound discretion of the district court ... the general rule is that leave to amend shall be freely given when justice so requires." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984)(internal citations removed). Here, because defendants have not argued that they would be unduly prejudiced if plaintiff were to file an amended complaint, I grant plaintiff leave to file such amended complaint. See USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004).

disqualify defense counsel.[2]

    IT IS FURTHER ORDERED that defendant's Motion to Strike and for Sanctions is denied to the extent that it seeks to strike plaintiff's Motion to Amend and Disqualify.[3]

    IT IS FURTHER ORDERED that defendant's Motion to Strike and for Sanctions is denied to the extent that defendants ask the court to impose sanctions on plaintiff's counsel.[4]

---

    [2]   To the extent that plaintiff's Motion to Amend and Disqualify seeks to disqualify defense counsel, such request is denied.  Plaintiff's motion does not offer any legal argument to support its motion to disqualify counsel.  "Under our district's local rules, failure to cite any applicable law is enough to deny a motion as without merit since zeal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the court."  Marcavage v. Board of Trustees, 2002 U.S.Dist. LEXIS 19397 (E.D.Pa. September 30, 2002) (Tucker, J.).

    [3]   Defendants' motion to strike is denied because defendants have failed to cite any legal authority in support of their motion to strike plaintiff's Motion to Amend and Disqualify.  See Marcavage, supra.

    [4]   Defendants' motion seeks sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927 which provides that attorneys who multiply the proceedings in a case "unreasonably and vexatiously may be required by the court to satisfy the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Specifically, defendants contend that plaintiff's Motion to Amend and Disqualify was untimely, contains immaterial, scandalous and defamatory allegations, and was devoid of legal argument.

        However, plaintiff's motion was not untimely filed.  Defendants' motion to for leave to file a reply brief was filed on March 10, 2014, therefore, any response in opposition to the motion for leave to amend was required to filed by March 27, 2014 (fourteen days after service on March 10, 2014 pursuant to Local Rule 7.1(c), plus three additional days pursuant to Fed.R.Civ.P. 6(d) because defendants' motion was served electronically).  Accordingly, plaintiff's motion in response, which was filed before plaintiff's counsel knew that the motion had been ruled on, was timely filed when she filed it on March 20, 2014.

        Additionally, to the extent plaintiff seeks leave to amend her complaint, such motion in no way warrants sanctions.  Furthermore, to the extent that plaintiff sought to have defense counsel disqualified, as discussed above, such request was not adequately briefed (plaintiff's motion to strike was likewise not adequately briefed); however, such failure does not, without more, warrant sanctions.

IT IS FURTHER ORDERED that defendants' Motion to Dismiss is dismissed as moot.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge