UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE McGINNESS | : CIVIL ACTION |
| | : |
| v. | : |
| | : No. 13-7087 |
| NAZARETH BOROUGH, et al. | : |

**M E M O R A N D U M**
Defendants' Motion to Dismiss Under Fed.R.Civ.P. No. 12(b)(6)
and for More Definite Statement Under Fed.R.Civ.P. No. 12(e)

Joseph F. Leeson, Jr.                                             April 1, 2015
United States District Judge

A.   INTRODUCTION:  THE CAUSES OF ACTION AND PENDING MOTIONS

This is an alleged employment discrimination case. Jurisdiction is federal question.

According to the amended complaint, plaintiff Connie McGinness[1] was employed by Nazareth Borough on a part-time basis for a two-month period in summer 2012. During that time, certain defendants[2] subjected plaintiff to harassment and discrimination. Plaintiff attributes this to her gender and to administrative proceedings she commenced against her former employer,

---

[1] According to defendant Dan Troxell, plaintiff's surname is correctly spelled "McGinness," and his own is spelled "Troxell," not "Traxell" as appears in the amended complaint. Troxell memorandum in support of motion to dismiss, doc. no. 31, at 1-2.

[2] Named defendants include Nazareth Borough, Nazareth Chief of Police Thomas Trachta, Nazareth police officers Scott Ledo and Dan Troxell, Telford Borough, and Telford Chief of Police Randal Floyd. Telford Borough and Floyd answered plaintiff's amended complaint. *See* doc. no. 25. Nazareth Borough, Trachta and Ledo move to dismiss, in part, the amended complaint. *See* doc. no. 24. Troxell separately moves to dismiss the amended complaint. *See* doc. no. 31.

Telford Borough and its police chief, which, too, alleged that plaintiff had been subjected to gender discrimination.

Plaintiff asserts causes of action as follows: Count I – gender discrimination and harassment in violation of Title VII; Count II – retaliation in violation of Title VII; Count III – violation of the Fair Labor Standards Act, 29 U.S.C. § 201; Count IV – retaliation in violation of plaintiff's rights under the petition clause of the First Amendment; Count V – violation of plaintiff's Equal Protection rights, asserted under 42 U.S.C. § 1983; Count VI – violation of Pennsylvania's Minimum Wage Act, 35 P.S. § 333.101 and 34 Pa. Code § 231.1; Count VII – retaliation under the Pennsylvania Human Relations Act; Count VIII – violation of plaintiff's rights under the Pennsylvania Constitution; Count IX – violation of plaintiff's due process rights under the Pennsylvania Constitution; and Count X – violation of plaintiff's petition clause rights under the Pennsylvania Constitution.

Defendants Nazareth Borough, Trachta and Ledo move to dismiss Counts IV, VII, IX and X of the amended complaint, and plaintiff's request for declaratory relief, under Fed. R. Civ. P. 12(b)(6). They also move for a more definite statement under Fed. R. Civ. P. 12(e). The motion to dismiss is denied without prejudice to renewal of these arguments on summary judgment. The motion for a more definite statement is denied. Defendant Troxell moves to dismiss all claims against him. This motion is granted.  All claims against defendant Troxell are dismissed with prejudice.

**B.     SUMMARY OF FACTS ALLEGED BY PLAINTIFF**

In July 2010, while employed as a police officer in Telford Borough, plaintiff filed a charge of gender discrimination and retaliation with the EEOC, which was cross-filed with the PHRC. Amended complaint, ¶¶18-20. Having exhausted her administrative remedies, on September 14, 2012, plaintiff commenced a civil action against Telford Borough, and Chief of Police Randal Floyd. On July 16, 2013, judgment was entered in plaintiff's favor. Id. At ¶ 21.

On or about June 1, 2012, while proceedings against Telford were ongoing, plaintiff applied for and accepted a position as a police officer in Nazareth Borough. Id. At ¶¶ 22, 26. During the hiring process, plaintiff disclosed that she was pursuing a discrimination claim against Telford. Id. At ¶ 27.

Plaintiff alleges that, after she was hired, she experienced discrimination and/or treatment different from male officers as follows: defendant Troxell referred to her using offensive language, and defendant Trachta permitted this, ¶¶ 35, 36; a different firearms qualification scoring system was applied to plaintiff, and she was required to purchase her own ammunition, and was not paid for her time on the range, unlike male officers, ¶¶ 38(b) and (e); it was incorrectly reported that plaintiff had not passed the firearms test, and for this stated reason, plaintiff was not put on the duty schedule, ¶ 38(d); she was paid at a lower rate than male officers, ¶ 38(f); she was issued a firearm, but no police identification card or uniform, ¶ 38(h). On August 2, 102, plaintiff's

employment with Nazareth Borough was terminated, without pre-termination due process, ¶¶ 38(m) and (n).

**C.     STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The district court's analysis proceeds as follows: "first, the factual and legal elements of the claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . As the Supreme Court instructed in Iqbal, [w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted).

Local Rule of Civil Procedure 7.1(c) permits a court to treat a motion as uncontested in the absence of a timely response. "[C]ourts in this District frequently grant uncontested Rule 12(b)(6) motions to dismiss due to plaintiff's

failure to file a timely response under Local Rule 7.1(c)." *Naeem v. Bensalem Twp.*, 2005 WL 696763, at *1 (E.D. Pa., Mar. 24, 2005) (citations omitted).

"Generally speaking, 'Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a).' . . . Courts will grant a Rule 12(e) motion only 'if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading.' Rule 12(e) motions are not a substitute for the discovery process." *Mutual Industries, Inc. v. American Int'l Industries*, 2011 WL 4836195, at *2 (E.D. Pa., Oct. 11, 2011) (citations omitted).

**D.   ANALYSIS**

### 1.   Motion to Dismiss of Nazareth Borough, Trachta, and Ledo

Nazareth, Trachta, and Ledo move to dismiss Count IV, a claim for retaliation under 42 U.S.C. § 1983 and the First Amendment based on plaintiff's filing of an EEOC charge. Defendants contend that because the EEOC charge involved the terms and conditions of plaintiff's employment at Telford only, it was not, as a matter of law, of public concern. As such, it does not constitute protected speech under the Petition Clause of the First Amendment.

Claims of harassment in the workplace generally are not protected by the First Amendment. *See Rearick v. Spanier*, 523 Fed. App'x 198, 199 (3d Cir. 2013) (plaintiff's "claims consist merely of private, ordinary employment disputes between her and her supervisors . . . [s]he was not participating as a member of the general public in the process of democracy through speech or

petition."); *Zelinski v. Pennsylvania State Police*, 108 Fed. App'x 700, 706 (3d Cir. 2004) (granting judgment in favor of defendant where plaintiff "did not make a public speech about the evils of sexual harassment," but instead merely spoke to a co-worker about it; the statements were protected under Title VII, but not the First Amendment, because they offered "little or no instrumental value to the community in enabling self-governance.."); *Miles v. City of Philadelphia*, 2013 WL 125186, at *3 (E.D. Pa., Jan. 10, 2013) (granting motion to dismiss First Amendment retaliation claim asserted by female police officer following dismissal from force – public employees may not "constitutionalize the employee grievance.").

Plaintiff asserts that plaintiff's claims in this case, together with her earlier lawsuit against Telford, rise to the level of public concern, as they are designed to bring gender discrimination in local police departments to light. *See Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2493 (2011) ("When a public employee sues a government employer under the First Amendment's Speech Clause, the employee must show that he or she spoke as a citizen on a matter of public concern.") Under *Iqbal*, at this stage of the litigation, plaintiff's claim is plausible. Defendants' motion is denied, without prejudice, to renew on summary judgment.

Defendants also move to dismiss Counts VII, IX and X, which request recovery of damages for defendants' alleged violations of the Pennsylvania Constitution, arguing that no private right of action for such violations exists. "The Supreme Court of Pennsylvania has not ruled on the issue of whether

there is a private cause of action for damages under the state constitution, and the federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution." *Ryan v. General Machine Products*, 277 F.Supp.2d 585, 595 (E.D. Pa. 2003); *Harris v. Corbett*, 2014 WL 580150, at *8 (W.D. Pa., Feb. 1, 2014) (accord).

Plaintiff opposes dismissal at this stage, relying on *Pfeiffer v. Marion Center Area School Dist.*, 917 F.2d 779, 789 (3d Cir. 1990) (citations mitted) (stating in dicta "[w]e are of the view that a private right of action is available for gender discrimination under the Pennsylvania ERA."). *See also Aquino v. County of Monroe*, 2007 WL 1544980, at *6 (M.D. Pa., May 24, 2007) (recognizing that *Pfeiffer* is dicta on this issue, but "reluctant" nonetheless to dismiss a claim for damages under the Pennsylvania Constitution at such an early point in the litigation).

The law is unsettled and it cannot be said that, under *Iqbal*, plaintiff has not stated a plausible claim. As such, defendants' motion is denied, without prejudice, to renew on summary judgment.

Finally, defendants move for dismissal of plaintiff's request for a declaration that defendants' conduct violated plaintiff's rights, arguing that declaratory relief is not appropriate for allegations of past conduct. *Allen v. Sweeney*, 2012 WL 5897584, at *8 (E.D. Pa., Nov. 20, 2012) (""Because this request is only relevant to those actions that Defendants have already committed in the past, Plaintiff's request for declaratory judgment against the individual Defendants in their official capacity is denied.") Plaintiff counters

7

that she has requested reinstatement, thus the injuries alleged are subject to repetition. Defendants' motion is denied, without prejudice, to renew on summary judgment.

### 2.     **Motion to Dismiss of Troxell**

This action was filed in December 2012. Defendant Troxell, a police officer in Nazareth Borough, was not named in the original complaint. He was added as a defendant in the amended complaint, which was filed on September 22, 2014. The claims against Troxell were added based on "information obtained by the Plaintiff, after Plaintiff filed her opposition to the motion to dismiss" the original complaint on February 28, 2014. *See* plaintiff's memorandum in support of motion to amend, doc. no. 17, at 6. The factual allegations against Troxell are that he called or referred to plaintiff as a "c*nt" to other male officers and told other officers that it was Chief Trachta's plan to prevent plaintiff from becoming a police officer in Nazareth Borough. Amended complaint, ¶¶ 33, 35, 38(s). Based on these allegations, plaintiff asserts claims against Troxell as follows: violation of plaintiff's right to equal protection (Counts V), retaliation and aiding and abetting under the PHRA (Count VII), and violation of plaintiff's rights under the Pennsylvania Constitution (Count VIII).

Although plaintiff filed a memorandum in opposition to Troxell's motion to dismiss the claims against him, the memorandum does not address most of the reasons advanced by Troxell for dismissal. The following portions of

8

Troxell's motion will be granted, and the claims against him dismissed under Local Rule of Civil Procedures 7.1(c):

(a) With respect to the PHRA retaliation claim, Troxell argues that plaintiff has failed to exhaust her administrative remedies as against Troxell, because there is no reference to him by name, or to the conduct he is now claimed to have engaged in, in the charge filed with the EEOC and cross-filed with the PHRC. Plaintiff admits this: "The individual defendants here were all named in the agency charge, save for Troxell." Plaintiff's memorandum in opposition to Troxell's motion to dismiss, doc. no. 35, at 4. "To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). "Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized under Section 12(c) of the Act." *Id.* "Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedures 12(b)(6)." *Devine v. St. Luke's Hosp.*, 406 Fed. App'x 654, 655 (3d Cir. 2011) (citations omitted). Because plaintiff has admittedly not exhausted her administrative remedies with respect to her claims against Troxell, and cannot do so now as the time for filing an administrative claim has long

passed, her retaliation claim under the PHRA contained in Count VII of the amended complaint is dismissed.

(b) With respect to the PHRA aiding and abetting claim asserted in paragraph 95 of the amended complaint, Troxell argues first that committing harassment (as opposed to encouraging others to do so) is not actionable under § 955(e) of the PHRA. *See Schepis v. Raylon Corp.*, 2006 WL 2803050, at *3 (E.D. Pa., Sept. 26, 2006), citing *Dici v. Commonwealth*, 91 F.3d 542, 553 (3d Cir. 1996) ("[C]ompelling discriminatory conduct by another is different than personally committing harassment, and [] only the former is actionable under the PHRA's aiding and abetting language."). He argues, too, that "non-supervisory employees cannot be liable for aiding and abetting their employer's discrimination through direct discriminatory acts because they do not share the intent and purpose of their employer." *Santai v. Fred Beans Ford., Inc.*, 2011 WL 3606836, at *3 (E.D. Pa., Aug. 16, 2011) (citations omitted). Troxell is not alleged to have encouraged others to harass plaintiff, and is not alleged to be a supervisor. Accordingly, the aiding and abetting claim under the PHRA contained in paragraph 95 in Count VII of the amended complaint is dismissed.

(c) With respect to the Count V Equal Protection claim, Troxell urges dismissal because plaintiff herself did not experience any of Troxell's alleged conduct.[3] By her own admission, she was not aware of the alleged conduct until after filing her response to the Nazareth defendants' motion to dismiss the

---

[3] Troxell makes the same argument in support of dismissal of the PHRA claims. Because those claims are dismissed for other reasons, it is unnecessary to analyze them further.

original complaint on February 28, 2014 – nearly two years after she was fired by Nazareth Borough on August 2, 2012. Further, the amended complaint alleges only that Troxell made comments to other officers – not to plaintiff. "In order to make out a hostile work environment claim, an employee must demonstrate that he experiences harassment so 'severe and pervasive' that it altered the conditions of his employment and created 'an abusive working environment.'" *Huggins v. Coatesville Area School Dist.*, 452 Fed. App'x 122, 127 (3d Cir. 2011) (citations omitted). "An employee must have some awareness of harassing behavior in order to perceive it as hostile or abusive." *Phillips v. Donahoe*, 2013 WL 596121, at *7 (W.D. Pa., Nov. 7, 2013). Plaintiff had no awareness of Troxell's alleged conduct until she learned of it from others. To the extent Troxell's conduct constituted unequal or different treatment of plaintiff, plaintiff did not experience it. The equal protection claim contained in Count V must be dismissed.

(d) Finally, Troxell urges that the claim against him under the Pennsylvania Constitution must be dismissed on statute of limitations grounds.[4] The claim under the Pennsylvania Constitution is subject to a two (2) year statute of limitations under 42 Pa.C.S. § 5524(7): "Any other action or proceeding to recover damages for injury to person or property which is founded on negligence, intentional, or otherwise tortious conduct" must be commenced within two years of the actionable conduct. The amended

---

[4] Troxell makes the same argument in support of dismissal of plaintiff's Equal Protection claim. Because that claim is properly dismissed on its merits as described above, it is not necessary to address this argument.

11

complaint was filed more than two years after plaintiff's employment was terminated. Her termination marks the last conceivable date that Troxell could have engaged in any conduct in violation of plaintiff's rights under the Pennsylvania Constitution. The claim, as a result, was untimely filed and must be dismissed.

(e) Troxell raises the same arguments in favor of dismissal of the Pennsylvania Constitutional claims and the request for declaratory judgment as do the Nazareth defendants. In light of the dismissal of all claims against Troxell for the reasons stated, it is not necessary to reach these arguments. All claims against him are dismissed, and no form of relief is available to plaintiff.

An order accompanies this memorandum.


                                BY THE COURT:


                                */s/ Joseph F. Leeson, Jr.*
                                JOSEPH F. LEESON, JR., J.